IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **MICHAEL MCEARCHEN,** GDC No. 1236987, | **MOTION TO VACATE** 28 U.S.C. § 2255 |
| Movant, | **CRIMINAL ACTION FILE NO. 4:18-CR-0001-MHC-WEJ** |
| v. | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE NO. 4:19-CV-0155-MHC-WEJ** |
| Respondent. | |

**ORDER**

Movant Michael McEarchen has filed a motion to vacate, set aside, or correct an allegedly illegal sentence in accordance with 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. 45]. This matter is before the Court on the Final Report and Recommendation of the Magistrate Judge [Doc. 50] ("R&R") recommending that the motion to vacate and that a certificate of appealability not be issued. The Order for Service of the R&R [Doc. 51] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Movant has timely filed his objections to the R&R ("Movant's Objs.") [Doc. 56].

In reviewing a Magistrate Judge's R&R, the district court "shall make a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

On January 3, 2018, Movant was indicted on one count of murder for hire in violation of 18 U.S.C. § 1958(a). Criminal Indictment [Doc. 9]. Defendant retained counsel to represent him and later entered a plea of guilty to the indictment in accordance with a written plea agreement. Att'y for Def.'s Entry of Appearance [Doc. 12]; Guilty Plea & Plea Agreement [Doc. 37]. The provisions of the Plea Agreement which are relevant to the pending motion are as follows: "The United States Attorney for the Northern District of Georgia agrees not to

bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction." Guilty Plea & Plea Agreement at 4. During the change of plea hearing, the district judge advised Movant that the Court was authorized "to impose a maximum term of imprisonment of up to 10 years or a maximum term of ten years," and that the Court would consider the appropriate sentencing guidelines, and Movant agreed to go forward with his guilty plea knowing the maximum sentence that could be imposed. Tr. of Change of Plea Hr'g [Doc. 43] at 6-11. When the Government's counsel reviewed the plea agreement in open court, she also noted the maximum term of imprisonment and that "the government agrees not to bring further criminal charges against the defendant related to the charge for which he's pleading. The defendant understands, however, that this does not bind state of local jurisdictions or any other federal district." Id. at 13-14. Movant indicated his understanding of the terms of the plea agreement and was "reasonably well satisfied with it." Id. at 17.

In his sentencing hearing, Movant's counsel argued for a downward departure based upon his criminal history category being overstated due to one point assessed for a misdemeanor conviction that occurred over nine years earlier.

Mot. for Downward Departure of and as to Def.'s Criminal History [Doc. 40]; Tr. of Sentencing Hr'g [Doc. 44] at 4-6.  In response, the Government noted that Movant had a number of criminal charges still pending against him in Cherokee and Bartow Counties.  Tr. of Sentencing Hr'g at 7-8.  Counsel for the Government then stated

> [T]he Government could have charged Mr. McEarchen with some of those other pending crimes, including the drug crime that is sitting out there in Bartow County.  So by entering into this plea the government is moving forward and away from Mr. McEarchen's case and letting this case resolve all of his pending potential charges that are federal.

Id. at 10-11.  Defendant was sentenced to a term of imprisonment of 120 months, which was the statutory maximum, to be followed by three years of supervised release.  J. in a Criminal Case [Doc 42].

In his motion to vacate, Movant contends that the Government breached its promise in the plea agreement, and thus engaged in prosecutorial misconduct, because an FBI agent testified on behalf of the State of Georgia in seeking an enhancement of punishment in an aggravated stalking prosecution in the Superior Court of Cherokee County involving the same victim named in the federal indictment charging murder for hire.  Mot. to Vacate at 3, 6-7 ("Ground 2").  Movant also contends that his guilty plea was not knowing and voluntary because of the Government's "illusory offer to move away from him entirely." Id. at 7-8

("Ground 3"). The Magistrate Judge found that these claims were procedurally defaulted because Movant failed to raise them on direct appeal and, even if they were not, they fail on the merits. R&R at 10-16.

In his first objection, Movant contends that these claims were not waived, relying on United States v. Al-Arian, 514 F.3d 1184 (11th Cir. 2008). Movant's Objs. at 2-3. In Al-Arian, the defendant entered a guilty plea in the United States District Court for the Middle District of Florida pursuant to an agreement that contained no terms as to whether the defendant would cooperate with the government in the future or whether he could be required to do so. Id. at 1187. One year later, the defendant was subpoenaed to testify before a grand jury in the Eastern District of Virginia, and he filed a motion to quash the subpoena, arguing that his plea agreement in the Florida case prevented the government from forcing him to testify. Id. at 1187-88. The Virginia district court agreed with the government that the Florida district court was the proper one to adjudicate the issue and granted the defendant leave to file a motion to enforce the plea agreement in Florida. Id. at 1188. The Florida district court held that just because the plea agreement indicated the defendant would not have to cooperate, this did not mean he could not be compelled to testify, and denied the motion. Id. On appeal, the Eleventh Circuit affirmed the decision of the district court, but on the

government's assertion that the court lacked jurisdiction to consider the motion, the Court held that "the district court in which a defendant pled guilty pursuant to a written plea agreement has jurisdiction over a motion filed by the defendant to enforce the agreement under § 2255." Id. at 1191.

Al-Arian is distinguishable from this case. Here, Movant is not asking the Court to enforce a plea agreement but is seeking to vacate his sentence because of prosecutorial misconduct arising from an alleged breach of the plea agreement. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). Here, Movant waived his right to appeal in his plea agreement, except as to circumstances inapplicable to Grounds 2 and 3. Nor has he shown that a miscarriage of justice occurred, or that he is actually innocent. See McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Consequently, the Magistrate Judge did not err by concluding the claims in Grounds 2 and 3 were procedurally defaulted.[1]

---

[1] Even if this was somehow error, the Magistrate Judge considered these claims on the merits.

Next, Movant asserts that the Magistrate Judge erred by denying him an evidentiary hearing to assess whether the Government's actions were inconsistent with the plea agreement. Movant's Objs. at 3-5. The Magistrate Judge correctly determined that an evidentiary hearing was not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief. See 28 U.S.C. § 2255(b) (stating that the court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."); see also Bain v. United States, 565 F. App'x 827, 828 (11th Cir. 2014) ("[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous.") (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (internal quotation marks omitted)). The Plea Agreement specifically provided that the Government's agreement not to bring further criminal charges relating to the charges to which he was pleading guilty did "not bar prosecution by any other federal, state, or local jurisdiction." Guilty Plea & Plea Agreement at 4. Nothing in the Government's statements at sentencing could reasonably be read to bar an FBI agent from testifying at Movant's sentencing proceeding on a state charge in the Superior Court of Cherokee County. See Tr. of Sentencing Hr'g at 10-11 ("[T]he Government could have charged Mr. McEarchen with some of those

7

other pending crimes, including the drug crime that is sitting out there in Bartow County. So by entering into this plea the government <u>is moving forward and away from Mr. McEarchen's case and letting this case resolve all of his pending potential charges that are federal</u>.") (emphasis added). The Government in fact did not proceed with anything else with respect to Movant's federal case or charges. There was no promise of any sort that would preclude a federal agent from testifying about Movant in a sentencing hearing in state court concerning state charges. Consequently, no evidentiary hearing was required to resolve the § 2255 motion.

    Movant also alleges error in the Magistrate Judge's failure to hold an evidentiary hearing as to Movant's ineffective assistance of counsel claims. Movant's Objs. at 5-6. In the first ground of his § 2255 motion, Movant contends that his counsel was ineffective for informing him that he would face a life sentence if convicted at a trial and to properly raise and litigate the issues in Grounds 2 and 3. Mot. to Vacate at 2, 4-6. However, Movant was fully advised during his plea hearing by the district judge that he was facing a maximum term of imprisonment of ten years, the Court was not bound by any sentencing recommendation, and that the Court could impose the maximum term. Movant testified under oath that he understood the penalties that could be imposed by the

Court. As the Magistrate Judge found, "the record belies [M]ovant's claim that he would not have pled guilty if he had been correctly advised about his sentencing exposure" and Movant "has not shown that it would have been rational under the circumstances to reject the plea offer where the government could have brought additional federal charges." R&R at 13-14. In addition, as discussed above, because no breach of the plea agreement occurred, no evidentiary hearing was necessary to determine whether Movant's counsel was ineffective for failing to raise a claim that there was a breach of the plea agreement.

Finally, Movant contends that the Magistrate Judge erred in failing to recommend that a certificate of appealability issue in this case. Movant's Objs. at 6-7. This Court agrees with the Magistrate Judge that Movant has failed to meet the requisite standard. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Therefore, after consideration of Movant's Objections to the R&R and a de novo review of the record, it is hereby **ORDERED** that Movant's Objections [Doc. 56], are **OVERRULED**.

Accordingly, the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 50] as the judgment of the Court. It is hereby **ORDERED** that Movant's motion to vacate, set aside, or correct an allegedly illegal federal sentence in accordance with 28 U.S.C. § 2255 [Doc. 45] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because Movant has not met the requisite standard. Movant may not appeal the denial of her motion but may seek a certificate from the United States Court of Appeals for the Eleventh Circuit under Federal Rule of Appellate Procedure 22. Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

The Clerk is **DIRECTED** to close the civil case file.

**IT IS SO ORDERED** this 14th day of July, 2020.

_____
MARK H. COHEN
United States District Judge